IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ELLIOT,

        Plaintiff,                No. 2:10-cv-02980 KJN P

    vs.

S. READDY, et al.,

        Defendants.        <u>ORDER</u>

                              /

        Plaintiff is a state prisoner, incarcerated in the California Substance Abuse Treatment Facility, at California State Prison-Corcoran, who proceeds without counsel and in forma pauperis in this civil rights action, filed pursuant to 42 U.S.C. § 1983. Plaintiff contends that defendants were deliberately indifferent to plaintiff's serious medical needs when, without first conducting a biopsy, they removed one of plaintiff's kidneys, allegedly because it was cancerous, but later found the kidney to be cancer-free. Service of process has been ordered on twelve defendants. Plaintiff now requests appointment of counsel.[1]

---

[1] Although plaintiff has framed his request as a "Request for Appointment of Counsel in a Federal Habeas Corpus," the instant action is Mr. Elliot's only action pending case in this court, and the description of the assistance plaintiff requests reflects the matters pending in this action. Accordingly, the court construes plaintiff's request as a motion for appointment of counsel in the instant civil rights action.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). "A motion for appointment of counsel under 28 U.S.C. § 1915 is addressed to the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984) (citation omitted). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations and internal punctuation omitted). The burden of demonstrating exceptional circumstances is on the plaintiff. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff has met his burden.  This case is factually, legally, and medically complex.  There are several defendants, whose depositions will be required.  Plaintiff will also need the testimony of a medical expert.  In addition, plaintiff avers, with supporting documentation, that he has many personal and physical limitations that limit his ability to further pursue this action on his own. Specifically, plaintiff states that he is of "advanced age" (60 years old), with "sight and physical disability challenges;" that he has difficulty reading and writing, and has a TABE ("Test for Basic Adult Education") Score of 5.6;[2] that he is a patient in CDCR's mental health department, in the Enhanced Outpatient Program ("EOP"); that he is allegedly in constant severe pain but has been denied prescribed treatment; and that plaintiff suffers from

---

[2] TABE scores generally denote grade-level equivalency, e.g. "5.6" represents Grade 5, Month 6. See generally Tests of Adult Basic Education, McGraw Hill, at www.ctb.com.

depression, due to the matters alleged in this case, as well as the recent illnesses and deaths of family members. Plaintiff also states that he relied on others to pursue his case to this point, viz., that he had the prior assistance of a friend in initiating this action, and that the form requesting appointment of counsel was completed by a prison law library clerk.

These several factors indicate that there is a reasonable possibility plaintiff may succeed on the merits of his claims, which would be more clearly advanced by appointed counsel than by plaintiff alone. Therefore, the court therefore finds that appointment of counsel is warranted pursuant to 28 U.S.C. § 1915(e)(1), pursuant to this court's General Order No. 230 (setting forth the criteria and procedure for appointment of counsel in Section 1983 cases).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (Dkt. No. 15) is granted; and

2. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating forthwith an attorney, admitted to practice in this court, who is willing to accept the appointment.

DATED: April 6, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

elli2980.appt.cnsl.